The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ULYANCHUK, et al.,

     Plaintiff,

  v.

BANK OF AMERICA, N.A., et al.,

     Defendants.

Case No. C10-0554 MJP

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

  This matter comes before the Court on Defendants' Bank of America, N.A. ("Bank of America") and Mortgage Electronic Registration System, Inc.'s ("MERS") motion to dismiss Plaintiffs' claims. Having reviewed the motion (Dkt. No. 9), Plaintiffs' response (Dkt. No. 13), the reply (Dkt. No. 15), and all attached declarations and exhibits, the Court GRANTS the motion to dismiss Plaintiffs' claims.

**Background**

  Plaintiffs Nikolay, Lyubov, and Tetyana Ulyanchuk obtained two loans from Countrywide Home Loans, Inc. ("Countrywide") to purchase their residence. (Compl. ¶ 1.1.) Plaintiffs signed all loan documents on June 22, 2007. Id. at ¶ 2.6. Countrywide also gave Plaintiffs a Notice of Right to Cancel, which Plaintiffs executed on June 22, 2007. (Brown Decl., Exs. A, B.) Plaintiffs now allege that Countrywide violated TILA by failing to make

required initial disclosures about the loans that Countrywide distributed to Plaintiffs. Plaintiffs claim damages, rescission of those loans, and injunctive relief as a result of Countrywide's alleged TILA violation.

Plaintiffs have filed suit against Bank of America, MERS, and LS Title of Washington. Bank of America is the current holder and assignee of the Plaintiffs' two loans, after Bank of America acquired Countrywide. (Compl. ¶ 1.2.) MERS is an agent and nominee for Countrywide and its successor, Bank of America, and serves as the designated beneficiary in the deeds of trust that secure the payment of the loans. Id. ¶ 1.3. Plaintiffs filed suit against Defendants on December 29, 2009. (Compl. at 14.) Plaintiffs intend to stop their monthly payments on one of their loans. Id. at ¶ 2.10.

**Analysis**

A. Motion to Dismiss Standard

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), Plaintiffs must allege "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible when the alleged facts allow the court to draw a reasonable inference that the defendant is liable for the alleged conduct. Id. at 550 U.S. at 545.

Plaintiffs argue that the Court should review Defendants' motion to dismiss as a motion for summary judgment instead. Plaintiffs reason that because Defendants' motion to dismiss relies on three exhibits that are outside of the pleadings (Brown Decl., Exs. A, B, and C), the motion to dismiss converts into a motion for summary judgment under Fed. R. Civ. P. 12(d). This is not wholly accurate. On a motion to dismiss, a court can consider a document that is not physically attached to a complaint if the complaint necessarily relies on the document and if the document's authenticity and relevance are not in question. Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010). Here, the complaint references a number of documents that Plaintiffs signed for their loans, including the documents that the three exhibits in question

present. (Compl. ¶ 2.6.) As Plaintiffs do not challenge the authenticity or relevance of the exhibits, the Court can consider these documents for Defendants' motion to dismiss without converting it into a motion for summary judgment.

B. Damages Claims under TILA

Plaintiffs seek damages for Countrywide's alleged violation of TILA. (Compl. ¶ 3.1.) Plaintiffs claim that Countrywide failed to make timely initial disclosures about their loans, as required under 15 U.S.C. § 1640(a)(2). A party can bring an action under TILA within one year from the date of the violation at hand. 15 U.S.C. § 1640(e). Where a party allegedly fails to make TILA-required disclosures, the date of the violation is the date that the loan documents are signed. See Meyer v. Ameriquest Mortgage Co., 342 F.3d 899, 902 (9th Cir. 2003) ("The failure to make the required disclosures occurred, if at all, at the time the loan documents were signed."). In this case, the alleged TILA violation would have occurred when Plaintiffs signed their loan documents on June 22, 2007. Plaintiffs then filed their claims for damages on December 29, 2009. (Pltf's Opp.Br. at 4.) As more than one year passed after Defendants' alleged violation, Plaintiffs cannot bring an action under TILA for damages now.

Plaintiffs have not demonstrated sufficient facts to state a plausible claim for damages against Defendants under this cause of action.

C. Rescission Claims under TILA

Plaintiffs seek to rescind the loans based on Countrywide's alleged TILA violations. (Compl. ¶ 3.2.) The right to rescind, however, does not apply to residential mortgage transactions. 12 C.F.R. 226.23(f)(1). A residential mortgage transaction "means a transaction in which a mortgage, deed of trust . . . or equivalent consensual security interest is created or retained in the consumer's principal dwelling to finance the acquisition or initial construction of that dwelling." 12 C.F.R. 226.2(a)(24). Because Plaintiffs used the loans to finance the purchase of their current residence, a residential mortgage transaction, Plaintiffs cannot rescind the loans under TILA.

Plaintiffs argue that they never waived their right to cancel or rescind the loans. Plaintiffs allege that their lender misled them to believe that they had a right to cancel after signing the Notice of Right to Cancel. This argument does not change the fact that 12 C.F.R. 226.23(f)(1) prevents parties from rescinding loans used for residential mortgage transactions. Nor does it explain why Plaintiffs should have a right to cancel beyond three days after June 22, 2007, as Plaintiffs agreed to upon signing the Notice of Right to Cancel. (Brown Decl., Exs. A, B.)

Plaintiffs have not established a valid claim for rescission against Defendants.

D. Claims for Injunctive Relief

Plaintiffs request a preliminary injunction against Bank of America requiring it to remove, correct, or refrain from submitting any adverse credit reports regarding Plaintiffs' potential defaults on one of their loans. A party seeking a preliminary injunction must establish four factors: (1) the party is likely to succeed on the merits, (2) the party is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in their favor, and (4) a preliminary injunction is in the public interest. Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1021 (9th Cir. 2009). Plaintiffs do not explain how public interest or a balancing of equities would justify a preliminary injunction. Plaintiffs also do not demonstrate how they would suffer irreparable harm in the absence of an injunction, given that it is unclear whether they have even defaulted on their loans at this point. Moreover, Plaintiffs do not establish that they are likely to succeed on the merits of their TILA claims.

Plaintiffs have not shown any of the conditions necessary for granting injunctive relief.

**Conclusion**

The Court GRANTS the motion to dismiss Plaintiffs' damages claim under TILA because Plaintiffs did not bring their action within one year from when they signed their loan documents. The Court also GRANTS the motion to dismiss Plaintiffs' claim for rescission under TILA as there is no right to rescind loans used for residential mortgage transactions. Finally, the

Court GRANTS the motion to dismiss Plaintiffs' claim for injunctive relief because Plaintiffs did not establish the necessary conditions for granting injunctive relief.

The Clerk shall transmit a copy of this Order to all counsel of record.

Dated this __15th__ day of July, 2010.

Marsha J. Pechman
United States District Judge